The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS McKENZIE and JEFFERY BIGSBY,<br><br>        Plaintiffs,<br>   v.<br><br>GEICO MARINE INSURANCE COMPANY, a Maryland corporation,<br><br>        Defendant. | Civil Action No. 2:22-cv-00647-BJR<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiffs Douglas McKenzie and Jeffery Bigsby (collectively, "Plaintiffs") filed this insurance dispute action against GEICO Marine Insurance Company ("GMIC") in the Superior Court of Washington for Snohomish County on April 7, 2022. Dkt. No. 1, Ex. 1. GMIC timely removed the matter to this Court based on diversity of citizenship. Dkt. No. 1. Currently before the Court is GMIC's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiffs oppose. Dkt. Nos. 15 and 17. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.     BACKGROUND[1]

GMIC issued the marine insurance policy that is the subject of this lawsuit to Mike Schladetzky for his boat that was moored at the Port of Everett Marina. Dkt. No. 1, Ex. 1 ¶¶ 4-5. A fire occurred on Schladetzky's boat on October 8, 2018, causing extensive damage to the boat and a portion of a boathouse in the immediate vicinity of the boat. *Id*. ¶ 6. Plaintiffs allege that the fire also destroyed personal property and marine equipment that they owned. *Id*. ¶ 7.

Schladetzky notified GMIC of the fire and GMIC retained attorney Anthony Gaspich to represent Schladetzky against any liability claims. *Id*. 8. However, on March 8, 2019, GMIC filed a complaint against Schladetzky in this district court, the Honorable Judge Robart presiding, alleging that Schladetzky had breached the insurance contract and requesting that the contract be voided due to fraud and misrepresentation. *See Geico Marine v. Schladetzky*, No. 2:19-cv-344-JLR (W.D. Wash.). Judge Robart entered default judgment against Schladetzky on June 12, 2019, concluding that the insurance policy was void as a matter of law and Schladetzky was not entitled to coverage. *Id*. at Dkt. No. 11. Schladetzky was subsequently criminally charged for submitting a fraudulent insurance claim to GMIC. *See* Superior Court Case No. 20-1-01205-31 *State v. Schladetzky*, Snohomish County. Ultimately Schladetzky pled guilty and was sentenced to serve jail time of 60 days.

Meanwhile, on April 3, 2019, Attorney Gaspich filed a Complaint for Exoneration from or Limitation of Liability on behalf of Schladetzky in this district court and the case was also

---

[1] The following factual allegations are drawn from Plaintiffs' Complaint, as well as prior judicial proceedings of which this Court takes judicial notice. *See e.g. Mayhoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014) (a court may take judicial notice of court filings and public records filed in other court proceedings); *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment).

assigned to the Honorable Judge Robart. *See Schladetzky v. Doe*, No. 2:19-493-JLR (W.D. Wash). Plaintiffs McKenzie and Bigby each submitted claims for damages on May 23, 2019. *Id*. at Dkt. Nos. 14-15. On August 22, 2019, Gaspich filed a motion to withdraw as attorney for Schladetzky, which Judge Robart granted and Schladetzky proceed *pro se* thereafter. *Id*. at Dkt. Nos. 18 and 21. While Gaspich did not specify a reason for the withdrawal, he indicated that a "basis for withdrawal exits pursuant to [Rule of Professional Conduct] 1.16" and offered to provide "an explanation [to the Court] *in camera*." *Id*. at 18. Thereafter, on June 30, 2021, Judge Robart granted summary judgment to Plaintiffs, awarding McKenzie a judgment against Schladetzky in the amount of $23,360.00 and Bigsby a judgment against Schladetzky in the amount of $12,537.75. *Id*. at Dkt. No. 40.

Plaintiffs submitted the judgments to GMIC and demanded payment; GMIC refused to pay Plaintiffs' demands due to the fact that the insurance policy had been voided for fraud nearly two years earlier. Plaintiffs then initiated this action, alleging that GMIC's actions violated the Washington Consumer Protection Act ("WCPA"), The Washington Insurance Fair Conduct Act ("WIFC"), and breached the insurance contract. Thereafter, Plaintiffs voluntarily dismissed the IFCA and breach of contract claims. They also dismissed the *per se* WCPA claim, but the non *per se* WCPA claim remained. GMIC now moves to dismiss the non *per se* WCPA claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677–78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678, quoting *Twombly*, 550 U.S. at 555, 557.  When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party, accepting all well-pleaded facts as true and drawing all reasonable inferences in the non-moving party's favor. *Wyler Summit P'ship v. Turner Broad. Sys., Inc*., 135 F.3d 658, 661 (9th Cir. 1998). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.     DISCUSSION

As stated above, Plaintiffs voluntarily dismissed all but the non *per se* WCPA claim and GMIC now moves to dismiss that claim as well. In Washington, a non *per se* WCPA claim is proven by establishing the following five elements: (1) an unfair or deceptive act or practice, (2) occurring within trade or business, (3) affecting the public interest, (4) injuring the plaintiff's business or property, and (5) a causal relation between the deceptive act and the resulting injury. RCW 19.86.020; *Stephens v. Omni Ins. Co*., 159 P.3d 10, 18 (Wash.App. 2007) (citing *Hangman Ridge Training Stables v. Safeco*, 105 Wash.2d 778, 719 P.2d 531 (1986)).

GMIC argues that the non *per se* WCPA claim must be dismissed because the complaint has not sufficient pled facts to support a reasonable inference that GMIC engaged in an unfair or deceptive act. This Court agrees with GMIC. Drawing all reasonable inferences from the

complaint in Plaintiffs' favor as this Court must do at this stage of the litigation, the Plaintiffs allege that GMIC engaged in unfair or deceptive actions by: (1) having Plaintiffs submit "claims for review and payment and then not responding", (2) "initiating" the April 2019 exoneration action, (3) "initiating" Attorney Gaspich's withdrawal from the exoneration action "based on secret reasons", (4) seeking a default order to void the insurance policy due to fraud without notifying Plaintiffs, and (5) obtaining the default order without giving Plaintiffs an opportunity to object. Dkt. No. 17 at 5-6.

None of these alleged actions constitute an unfair or deceptive act. Plaintiffs complain that GMIC filed the exoneration action "when [it] had no intent to pay any claims established" in that action. *Id*. at 3. First, Schladetzky, not GMIC, filed the limitation of liability lawsuit, GMIC was not a party to the action.[2] Second, it is undisputed that Schladetzky had the legal right to file such an action in an attempt to limit any liability to the value of the vessel. *See* 46 U.S.C. §§ 30501-30511; *Matter of Bountiful Oceans, Inc*., 2017 WL 9840304, *2 (N.D. Cal. Nov. 8, 2017) ("The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability."). Schladetzky's decision to file a lawsuit he is legally entitled to bring cannot be the basis for an unfair or deceptive act by GMIC. Nor does Attorney Gaspich's withdrawal from the exoneration action constitute an unfair or deceptive act by GMIC. Once again, this is an action between Schladetzky and Gaspich, not GMIC and the Plaintiffs. Moreover, it is difficult to see how Gaspich's withdrawal from the exoneration action harmed Plaintiffs when they each successfully received judgments against Schladetzky for the total of their demands in that action.

---

[2] Plaintiffs suggest that because GMIC hired Attorney Gaspich to represent Schladetzky in the claims administration, it was somehow a party to the lawsuit. Plaintiffs are mistaken. *See Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1137 (Wash. 1986) (noting that in "a reservation-of-rights defense, [Rules of Professional Conduct] 5.4(c) demands that counsel understand that he or she represents only the *insured*, not the [insurer].") (emphasis in original).

Likewise, Plaintiffs' assertion that GMIC acted deceptively when it sought to void the insurance contract for fraud is also misplaced. GMIC had the legal right to seek to void the contract between it and its insured based on Schladetzky's fraud, and Plaintiffs certainly had no standing to dispute the fraudulent nature of Schladetzky's actions. Plaintiffs do not cite to and the Court is not aware of any legal authority that gives Plaintiffs the right to receive notice of or object to a contract dispute to which they are not a party, thus GMIC's failure to give Plaintiffs notice of its lawsuit against its insured cannot be the basis for a CPA claim.[3]

Because Plaintiffs failed to allege factual allegations sufficient to establish the first element of a WCPA claim—an unfair or deceptive act or practice by GMIC—the claim must be dismissed pursuant to Federal Rule 12(b)(6).

## V.  CONCLUSION

For the foregoing reasons, this Court HEREBY GRANTS GMIC's Motion to Dismiss [Dkt. No. 15] and this matter is closed.

Dated this 2nd day of November 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3] Plaintiffs do not allege that they are third-party beneficiaries of the insurance contract.